RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/12/13
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES WATSON | DOCKET NO. 13-CV-563; SEC. P |
| VERSUS | JUDGE DRELL |
| M.D. CARVAJAL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner James Watson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 14, 2013. He was ordered to amend and supplement the petition on June 27, 2013, and his amended complaint was filed into the record on July 30, 2013.

Petitioner is in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner asks that the Court order his placement in a residential re-entry center pursuant to the Second Chance Act of 2007.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Watson was convicted of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 and of aiding and abetting the use and carrying of a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. §§2 and

924(c). U.S. v. Watson, 5 F3d. 1496 (5th Cir. 1993).

After serving over 21 years of his sentence, Petitioner's anticipated or projected release date from the custody of the BOP is February 12, 2014. He argues that, after twenty-one years of incarceration, it is imperative that he reside in a Residential Reentry Center (RRC) for the maximum twelve months allowed to ensure that he can successfully reintegrate into society. [Doc. #1, p.4]

According to correspondence from the BOP, submitted by Watson with his petition, Watson's "Program Review" was to take place on January 1, 2013, and *his placement in the RRC program was to be addressed at that time*. [Doc. #1-2] In his March, 2013, petition, Watson did not mention the results of the Program Review. Watson was ordered to amend his petition to advise whether he was ever considered for the residential re-entry program and whether he was been approved for same.

On July 30, 2013, Watson submitted copies of his past several Inmate Skills Development Plan Program Reviews, and they consistently show that he was considered for placement in the RRC, and was recommended for placement for a range of 151-180 days. [Doc. #3-1, p.1-4] The documents submitted by Petitioner also make clear that Watson was being transferred to a RRC in Houston, Texas, on August 12, 2013. [Doc. #3-1, p.5]

*Law and Analysis*

Petitioner has no liberty interest in placement in a re-entry program. Under 18 U.S.C. §3624(c) (the Second Chance Act), the BOP has the authority to place inmates in residential re-entry centers during the final portion of their sentences, up to 12 months. The Act provides, in part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1). Section 3624(c)(1) also states that nothing in the Act shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons to designate the place of imprisonment pursuant to 18 U.S.C. §3621(b). The BOP has discretion to determine in what reentry facility the inmate will be placed and for how long, up to, but not more than, twelve months.

Thus, the Second Chance Act does not limit or restrict the discretion that the BOP has to assign inmates to facilities, United States v. Sneed, 63 F.3d 381, 388 n. 6 (5th Cir. 1995), nor does it encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period, Ready v. Fleming, 2002 WL 1610584 (N.D.Tex)(not reported), citing Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 469-70 (10th Cir. 1992), *cert denied*, 510 U.S. 830 (1993). "Where the statute grants the

3

prison administration discretion, the government has conferred no right on the inmate." Richardson v. Joslin, 501 F.3d 415, 419 (5th Cir. 2007).

Participation in the reentry program is a privilege, not a right. Watson has no liberty interest in the re-entry program. It is clear and undisputed that Watson was considered for the program numerous times, and it was consistently recommended the he participate in the program for approximately six months. Watson has not shown that he is in custody in violation of the Constitution or laws of the United States of America. His petition is without merit.

Moreover, Watson's request for relief - to be placed in a RRC - has been granted. On August 12, 2013, Watson will be a resident of an RRC. Then, his petition would become moot.

### Conclusion

Because Petitioner has no liberty interest in placement in the residential re-entry program, his Petition should be dismissed. He has received all process to which he was due. Watson cannot show that he is in custody in violation of the Constitution or laws or treaties of the United States. Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITH PREJUDICE**.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 12th day of August, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE